```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ELOIS WILLIAMS,                 :    CIVIL ACTION
                                :    NO. 04-5738
          Plaintiff,            :
                                :
     v.                         :
                                :
JO ANNE BARNHART,               :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
          Defendant.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                           March 17, 2006

Plaintiff, Elois Williams, brings this action under 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g) by reference, seeking judicial review of a final decision by the Commissioner of the Social Security Administration ("defendant") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Before the Court are the parties' cross motions for summary judgment, a Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, and plaintiff's and defendant's objections to the Magistrate Judge's Report and Recommendation.

Magistrate Judge Rapoport recommends that the Court deny both plaintiff's and defendant's motions for summary judgment and remand the case for further proceedings. Both plaintiff and defendant have filed objections to the Report and

Recommendation.  Defendant objects to remand, stating that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence, and that the Magistrate Judge erred on two counts.  First, defendant contends that the Magistrate Judge erred in determining that remand was proper in order for the Administrative Law Judge ("ALJ") to schedule a consultative psychiatric evaluation for plaintiff.  Defendant argues that because plaintiff had been scheduled for an examination and failed to attend, the pertinent regulation allows a denial of benefits on that basis.

Second, defendant disagrees with the Magistrate Judge that the ALJ should have specifically addressed plaintiff's attorney's supplemental hypothetical placed to the vocational expert ("VE").  Defendant argues that the supplemental hypothetical asked the ALJ to credit plaintiff's subjective testimony, which the ALJ had already found not credible.

Plaintiff filed partial objections to the Report and Recommendation, stating that substantial evidence supported a finding of disability and that the Magistrate Judge should have recommended the reversal of the ALJ's decision.  Plaintiff, however, also agrees that the ALJ's finding of ineligibility for disability payments was not supported by substantial evidence and agrees that, at the minimum, the case should be remanded for further proceedings.

For the following reasons, the Court will approve the Report and Recommendation and remand the case for further proceedings consistent with this opinion.

I.  FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI on March 30, 2001, and April 30, 2001, respectively, alleging disability due to left arm and wrist damage, back, shoulder, and leg pain, and major depression. The agency denied plaintiff's claims. Two hearings were held before an ALJ, one on July 22, 2002, and the other on September 5, 2002, and the ALJ issued a decision on October 4, 2002, finding plaintiff was not disabled.[1] Specifically, he found that her physical impairments were not severe, and that although her mental impairments were severe, she retained the residual functioning capacity to perform unskilled, unstressful light work.[2]

Plaintiff was 47 years old when the ALJ issued his decision. She has an eleventh grade education, and has worked in

---

[1] At the first hearing, plaintiff's attorney and a board-certified orthopedic surgeon attended, and the surgeon testified with the consent of plaintiff's attorney. At the second hearing, plaintiff, represented by counsel, and an impartial VE testified.

[2] Plaintiff did not dispute the ALJ's findings with regard to her physical impairments. For that reason, the Magistrate Judge only addressed plaintiff's mental impairments in the Report and Recommendation, as will this opinion.

the past as a packager, a nurse's assistant, a filing clerk, and a factory worker.  Plaintiff last worked in November 2000.

On March 22, 2001, plaintiff was admitted to Friends Hospital because of "increasing depression."  Tr. 16.  Plaintiff reportedly had suicidal thoughts and thoughts of harming her children.  She also claimed to be having auditory hallucinations.  Plaintiff was discharged on March 28, 2001, with a diagnosis of Major Depressive Disorder with Psychotic Features, Recurrent Polysubstance Abuse, and was placed on the medications Prozac, Trazodone, and Risperdal.  Tr. 145-46.

In May 2001, plaintiff was readmitted to Friends Hospital for depression and anxiety, and was discharged on May 22, 2001 with a diagnosis of Major Depression and Post Traumatic Stress Disorder.  Tr. 160.  On September 21, 2001, Ms. Williams was scheduled for a consultative psychiatric evaluation, but she did not appear.  Tr. 18.

The record contains daily progress notes from the Northeast Community Center for Mental Health/Mental Retardation Partial Hospitalization Program for the period from September 2001 through July 2002.  In September 2001, Ms. Williams presented with an extensive history of depression, and a 14 year history of cocaine and alcohol abuse.  Tr. 268.  Ms. Williams testified at the administrative hearing that she attended the program at Northeast Medical Center four days a week, where she

met with a therapist and participated in groups.  Tr. 42.  Ms. Williams' June 2002 Treatment Plan from Northeast indicated that she continued to experience a high level of anxiety and depression with auditory hallucinations.  In order to be discharged, she would need to "exhibit significant improvement in coping skill utilization to manage symptoms."  Tr. 342.

At the hearing, Ms. Williams testified that Northeast had assigned her an intensive case manager who visited her at her home, helped her take her medication, and assisted her with daily tasks.  Tr. 44.  She testified that her 26 year old daughter came over every day and assisted her with her other children and cooked for the household.  Tr. 45.  When not at the program, Ms. Williams stated she "lay around and I sleep," and that her children took care of household chores.  Tr. 46.  Ms. Williams testified that she went to church every Sunday, and went to the store no more than twice a month.  Tr. 49-50.

A vocational expert testified at the administrative hearing and classified plaintiff's past work as medium unskilled and light semi-skilled.  On request of plaintiff's counsel, the VE noted that if she credited the testimony of Ms. Williams that all she did was lay around when she was not at her program, plaintiff would not be able to maintain employment.  Tr. 54.

II.  DISCUSSION

A. <u>Standard of Review</u>

In reviewing the decision of the ALJ, the Court must determine whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). In addition, "an administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests." <u>Cotter v. Harris</u>, 642 F.2d 700, 704 (3d Cir. 1981).

The Court must review sections of the Magistrate Judge's Report and Recommendation to which objections are made <u>de novo</u>. 28 U.S.C. § 636(b). The Court "may accept, reject or modify, in whole or in part," the Magistrate Judge's findings and recommendations. 28 U.S.C. § 636(b)(1).

B. <u>Establishing Eligibility Under the Social Security Act.</u>

Under the Social Security Act, a disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). "The impairment must be so severe that the claimant 'is not only unable to do his [her] previous work but cannot,

considering his [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" Duncan v. Barnhart, 2006 WL 293409, at *2 (E.D.Pa. 2006) (Robreno, J.).;   42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step process to determine whether a petitioner is disabled:

> (1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether she can perform work she has done in the past despite the severe impairment--if she can, she will be found not disabled; and (5) if the claimant cannot perform her past work, the Commissioner will consider the claimant's RFC, age, education, and past work experience to determine whether she can perform other work which exists in the national economy.

Schaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 431-32 (3d Cir. 1999).

   C.   The ALJ's Decision

Here, the ALJ determined that although Ms. Williams' mental impairment was severe (Step 2), her impairment did not meet the criteria of any of the relevant impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Step 3).  Proceeding to Step 4, the ALJ found Ms. Williams had the residual functional capacity for light work and could therefore perform her past

relevant work that was classified as light, unskilled work, with low stress.[3]

Because the ALJ found plaintiff could perform her past work, he concluded that she was not disabled under the Social Security Act. Tr. 21.

The Magistrate Judge determined that, based on an independent review of the record, there was not substantial evidence that Ms. Williams was disabled, but neither was there substantial evidence that she was not disabled, as found the ALJ. The Magistrate Judge based his conclusion on two bases: (1) a psychiatric evaluation of plaintiff was warranted; and (2) the ALJ failed to properly credit plaintiff's attorney's supplemental hypothetical as posed to the VE.

Both the Commissioner and the plaintiff objected to the Magistrate Judge's findings.

1. Psychiatric evaluation

Ms. Williams was scheduled for a consultative psychiatric evaluation on September 21, 2001, but she did not attend the examination. The initial Notice of Disapproved Claim from the Social Security Administration to plaintiff, dated

---

[3] The ALJ here stated that the claimant could work as an "Office File Clerk or as a Packager, which the vocational expert testified are light, unskilled work, with low stress." Tr. 20. However, the VE actually testified that the position as Packager was medium, unskilled work and that the File Clerk work was semi-skilled, light work. Tr. 52.

September 27, 2001, notes that the Administration "needed more information in order to continue work on [her] claim," but plaintiff did not show up for her scheduled examination or contact the disability office.  Tr. 60.  In his decision, the ALJ noted that the evaluation had not been completed, but did not inquire into the matter at the hearing from Ms. Williams or her attorney.

At the conclusion of the hearing, plaintiff's counsel requested that, if the ALJ was unable to make a favorable determination for plaintiff based on the record, a supplemental hearing be held for the testimony of a psychiatric medical expert.  Tr. 56.  On September 12, 2002, the ALJ wrote to plaintiff's counsel indicating that he saw no need for further hearings or examinations.  Tr. 85.

The Commissioner objects to the Magistrate Judge's conclusion that a psychiatric evaluation is warranted, arguing that the Social Security regulations state that the Administration may find a claimant not disabled if he or she fails to show up for a scheduled evaluation and does not provide a good reason for the failure to do so.[4]  The plaintiff did not

---

[4] "If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind."  20 C.F.R. § 404.1518(a).  The regulation gives a list of examples for what may be considered a "good reason," including illness and not having had

offer a good reason for her failure to appear at the evaluation, and she should not be allowed a "second bite at the apple," argues the Commissioner.

As the Commissioner correctly notes, Social Security Regulations permit the Administration to deny benefits on the basis of a missed evaluation. The case law on the matter, however, illustrates that the failure to appear for a scheduled examination is rarely seen as a definitive bar to benefits, and that courts will look to see if the ALJ had substantial evidence for his decision in the absence of the evaluation. See, e.g., Lepenica v. Commissioner of Soc. Sec., 107 Fed. Appx. 291, 294 n.1 (3d Cir. 2004) (because there was substantial evidence in the record to support the ALJ's denial of benefits, the court did not address whether the refusal to undergo an examination was grounds for the denial); Ettinger v. Heckler, 1985 WL 4287, at *2 (E.D.Pa. 1985) (plaintiff's failure to complete medical test and to provide a timely and adequate reason was dispositive of the case but court reviewed substantive claims as well).

The Seventh Circuit has noted that it was told that it was "the policy of the Social Security Administration ... not to impose this sanction [of denial of benefits] but instead to decide the claim on the basis of the remaining evidence." Pearce

---

received information about the test. 20 C.F.R. § 404.1518(b).

v. Sullivan, 871 F.2d 61, 62 (7th Cir. 1989).

In light of the ALJ's failure to request an explanation for the missed appointment from plaintiff or plaintiff's counsel, and the reluctance of courts to bar benefits based solely on a missed examination, the Court will therefore determine whether, in the absence of a psychiatric evaluation, the ALJ's decision to deny benefits to plaintiff was based on substantial evidence. The Court agrees with the Magistrate Judge and concludes that it was not.

2.   The substantial evidence standard

The ALJ found that plaintiff was "able to attend to activities of daily living if she is so motivated," based on her testimony that she is ready four days a week to be picked up by a van to attend her treatment program, and that she attends church every Sunday. However, the ALJ found that plaintiff's subjective complaints were not credible. Tr. 20.

"An ALJ must give serious consideration to a claimant's subjective complaints ... even where those complaints are not supported by objective evidence." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (quoting Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985)). Therefore, if an ALJ does not accept a claimant's subjective complaints, the ALJ is "obligated to explain his reasoning." Smith v. Barnhart, 2003 WL 22917513, at *6 (E.D.Pa. 2003) (because level of pain described by

11

plaintiff not consistent with ALJ's determination that she retained RFC to work, and because ALJ did not explain his reasons for rejecting plaintiff's testimony, ALJ's decision not supported by substantial evidence).

Here, the objective evidence shows that plaintiff has been hospitalized at least two times for depression, and attends a psychiatric treatment program four times a week. Her daily progress notes detail that, as late as July 2002, plaintiff presented as depressed, with limited coping skills. Tr. 396. Plaintiff was assigned an intensive case manager, who assists her with tasks of daily living.

Plaintiff testified that her daughter assisted her with household chores, and that when she was not at her program she lay around the house. Tr. 49. She testified that she did not do any chores around the house and that she was unable to cook for her family more than two days a week. Tr. 47. The ALJ found these complaints not credible.

Plaintiff's subjective complaints are not consistent with the ALJ's finding that she retains the residual functional capacity to work at her old jobs. The ALJ did not adequately explain his reasons for finding these complaints not credible. The ALJ rejected plaintiff's testimony regarding her mental impairment, but in noting why her testimony was not credible,

pointed back to other testimony she gave.[5]  Tr. 20.

Although there is evidence to support the contention that plaintiff can function independently, such as her testimony that she attends church every Sunday, there is also evidence to support the contention that plaintiff needs the assistance of an intensive daily program, an intensive case manager, and her daughter to help her complete daily tasks.  The objective evidence in the record, as well as plaintiff's subjective complaints, point to the need for a psychiatric evaluation for the Court to make an assessment on disability.  In light of the Court's review of the record, and the ALJ's failure to adequately explain his rejection of plaintiff's subjective complaints, the Court concludes that the ALJ's decision to deny benefits in this case was not based on substantial evidence.

    3.   <u>The Vocational Expert's hypothetical</u>

The Magistrate Judge also found that the ALJ should have credited the supplemental hypothetical plaintiff's counsel's presented to the VE during the hearing.  During the hearing, the VE explained the skill and stress levels of plaintiff's former work.  Tr. 52-53.  Plaintiff's counsel then asked the VE whether an individual who laid around all day and could not function would be able to perform a low-stress job, and the VE responded

---

[5] Plaintiff "attends church every Sunday, according to her testimony."  Tr. 20.

that such an individual would not be able to maintain employment. Tr. 54.  The ALJ did not consider this scenario.

The Magistrate Judge stated that the ALJ should have, at the very least, discussed the supplemental hypothetical, and explained his reasons for its rejection.  The Commissioner objects that because the supplemental hypothetical was based on plaintiff's subjective complaints, and the ALJ had found these complaints not credible, the ALJ was not obligated to consider the supplemental hypothetical.

A hypothetical "must reflect all of claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer cannot be considered substantial evidence."  Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).  Here, as described above, it is unclear why the ALJ rejected plaintiff's subjective complaints. It is also unclear for what reasons, if any, he rejected plaintiff's supplemental hypothetical.  The ALJ's decision simply does not provide enough information for the Court to find that it was supported by substantial evidence.[6]

---

[6] Plaintiff objects to the Report and Recommendation's determination that there is not substantial evidence to find that plaintiff is disabled.  Plaintiff points to evidence in the record demonstrating that plaintiff needs an intensive day program to prevent hospitalization, and needs the assistance of an intensive care manager.  Because, however, there is evidence tending to show that plaintiff is able to function independently at times, the Court agrees with the Magistrate Judge that a consultative psychiatric evaluation is needed before a

III. CONCLUSION

Pursuant to 42 U.S.C. § 405(g), the Court finds there is not substantial evidence to support the ALJ's decision to deny plaintiff social security benefits.  After review of the record, the Court determines a psychiatric evaluation is warranted.

For the foregoing reasons, the Court will deny the Commissioner's motion for summary judgment and the plaintiff's motion for summary judgment.  The Report and Recommendation will be approved, and the Commissioner's and the plaintiff's objections will be denied.  The matter is remanded for further proceedings consistent with this opinion.

An appropriate order follows.

---

determination on disability can be made.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ELOIS WILLIAMS,                  :   CIVIL ACTION
                                 :   NO. 04-5738
         Plaintiff,              :
                                 :
    v.                           :
                                 :
JO ANNE BARNHART,                :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
         Defendant.              :
```

**O R D E R**

**AND NOW**, this **17th** day of **March 2006**, upon consideration of the parties' cross-motions for summary judgment (docs. no. 7,8), and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport (doc. no. 10), the Commissioner's Objections thereto (doc. no. 11), and the Plaintiff's Objections thereto (doc. no. 12), it is hereby **ORDERED** for the reasons provided in the accompanying memorandum that:

1. The Report and Recommendation (Doc. No. 10)is **APPROVED**;

2. Defendant's Objections (doc. no. 11) are **DENIED**;

3. Plaintiff's Objections (doc. no. 12) are **DENIED**;

4. Plaintiff's motion for summary judgment (doc. no. 7) is **DENIED**;

5.  Defendant's motion for summary judgment (doc. no. 8) is **DENIED;** and

6.  The matter is **REMANDED** for further proceedings consistent with the accompanying memorandum.

**AND IT IS SO ORDERED.**

**s/Eduardo C. Robreno**
**EDUARDO C. ROBRENO, J.**
